## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RONALD R. WILEY,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| **V.** ) | **CIVIL ACTION NO. 03-2090 (RMC)** |
| ) | |
| **STEPHEN L. JOHNSON,** ) | |
| **ADMINISTRATOR, UNITED STATES** ) | |
| **ENVIRONMENTAL PROTECTION** ) | |
| **AGENCY,** ) | |
| ) | |
| **DEFENDANT.** ) | |
| ) | |

## MEMORANDUM OPINION

Ronald R. Wiley filed suit against Stephen L. Johnson, in his official capacity as Administrator of the United States Environmental Protection Agency ("EPA"), alleging that the EPA discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, when it failed to assign him to a detail as a Program Acquisition Coordinator ("PAC"). The EPA has moved for summary judgment. As explained below, the Court will grant the EPA's motion because Mr. Wiley failed to exhaust his administrative remedies and failed to timely file this suit.

### I.  BACKGROUND

Mr. Wiley is an EPA employee who was employed as a contract specialist within the EPA's Office of Acquisition Management, an office within the EPA's Office of Administration and Resources Management. On April 26, 2001, Mr. Wiley filed with the EPA's Office of Civil Rights a written claim of discrimination, alleging race, color, and sex discrimination due to the EPA's failure to assign him to a PAC detail. He later amended the claim to include a charge of retaliation.

The EPA accepted the claim, designated complaint number 2001-0041-HQ (the "Administrative Claim"), for investigation.  After the investigation was completed, on February 21, 2002, Mr. Wiley requested a hearing before the Equal Employment Opportunity Commission ("EEOC").  Harderman Decl. ¶ 6, Att. 3.  Then, before the hearing could take place, on January 7, 2003, Mr. Wiley's counsel wrote a letter to the EEOC, which stated:

> I am representing Mr. Ronald Wiley on [sic] his discrimination suit in Federal Court.  Mr. Wiley no longer wishes to proceed with the EEOC.  I respectfully request that you review the attached motion and sign the proposed order so that Mr. Wiley can go forward in Federal Court.

*Id*. ¶ 6, Att. 4.   On January 27, 2003, the EEOC granted the request for dismissal of the Administrative Claim explaining, "[b]ecause the parties have filed a civil action in this matter, the above-captioned case is hereby dismissed and returned to the Agency for further processing pursuant to 29 C.F.R. § 1614.109 (2002)."  *Id*.  Under section 1614.109, the administrative claim is returned to the Agency and "[i]f an agency does not issue a final order within 40 days of receipt of the administrative judge's decision . . . then the decision of the administrative judge shall become the final action of the agency."  29 C.F.R. § 1614.109(i).  The EPA did not further address the claim.  Mr. Wiley did not file suit in federal court until October 16, 2003.  On July 6, 2004, Mr. Wiley filed his First Amended Complaint.

The EPA now has filed a motion for summary judgment, arguing that Mr. Wiley failed to timely file this suit within the applicable ninety-day period and that the EPA's failure to appoint Mr. Wiley to the PAC position was not an adverse employment action.[1]  In response to the

---

[1] The First Amended Complaint in this case alleged other claims, and the EPA moved for summary judgment on these other claims as well.  In response to the motion for summary judgment, Mr. Wiley expressly conceded all other claims alleged in the First Amended Complaint.  Pl.'s Opp'n

Motion, Mr. Wiley contests these two issues.

## II.  LEGAL STANDARDS

### A.  Federal Question Jurisdiction and Standing

Federal district courts have original jurisdiction over civil actions arising under federal statutes. 28 U.S.C. § 1331.  Here, Mr. Wiley brought suit under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*.  As this case presents a question of federal law, this Court has original jurisdiction.

### B.  Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255.

## III. ANALYSIS

Because Mr. Wiley failed to exhaust his administrative remedies, his First Amended

---

at 1.

Complaint must be dismissed for lack of subject matter jurisdiction.   A Title VII plaintiff must exhaust administrative remedies by filing a timely charge with the EEOC.  *Bowden v. U.S.*, 106 F.3d 433, 437 (D.C. Cir. 1997); *see, e.g.*, *Gillet v. King*, 931 F. Supp. 9, 12-13 (D.D.C. 1996) (dismissing plaintiff's claim for failure to exhaust administrative remedies), *aff'd*, 132 F.3d 1481 (D.C. Cir. 1997) (Table).  "Federal employees may only bring Title VII lawsuits in federal district court if they have exhausted remedies available through administrative processes and filed suit within 90 days of final administrative action."  *Price v. Greenspan*, 374 F. Supp. 2d 177, 184 (D.D.C. 2005).

The filing of an administrative charge with the EEOC is a jurisdictional prerequisite to maintaining a Title VII action in federal district court.  *Sisay v. Greyhound Lines, Inc.*, 34 F. Supp. 2d 59, 64 (D.D.C. 1998).  "Only after the EEOC has notified the aggrieved person of its decision to dismiss or its inability to bring a civil action within the requisite time period can that person bring a civil action [himself]."  *Camp v. Dist. of Columbia*, 2006 WL 667956, * 6 (D.D.C. Mar. 14, 2006) (citing *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995)).

A voluntary dismissal cannot be used to circumvent the requirement of exhaustion.  *See, e.g., Moore v. Jewel Food Stores*, 1998 WL 102639, *4 (N.D. Ill. Mar. 3, 1998) (plaintiff failed to exhaust state-law discrimination claim when he voluntarily dismissed his case before the state human rights commission).  The purposes of exhaustion are to give the charged party notice of the claim, to narrow the issues for prompt adjudication,  *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 472 n.325 (D.C. Cir. 1976), to "afford the agency an opportunity to resolve the matter internally[,] and to avoid unnecessarily burdening the courts."  *Wilson v. Pena*, 79 F.3d 154, 165 (D.C. Cir. 1996).

Here, instead of exhausting his Administrative Claim, Mr. Wiley voluntarily

dismissed it.  His counsel wrote to the EEOC explaining that Mr. Wiley "no longer wished to proceed with the EEOC."  Harderman Decl. ¶ 6, Att. 4.  On January 27, 2003, the EEOC granted his request for dismissal and dismissed the Administrative Claim.  The EEOC never issued a right to sue letter, and the EPA never took any additional action.  Mr. Wiley cannot use a voluntary dismissal to avoid the requirement of exhaustion, as this would undermine the purposes behind the exhaustion doctrine.  *Moore*, 1998 WL 102639 at *4.  For example, the voluntary dismissal here preempted the process of narrowing the issues.  Because Mr. Wiley failed to exhaust his administrative remedies, the Court lacks jurisdiction and will dismiss this suit.

Even if the Court were to treat Mr. Wiley's claim as exhausted,[2] the claim still must be dismissed as barred by the ninety-day filing limit.  In addition to the exhaustion requirement, to maintain a Title VII claim, a federal employee is required to file suit within ninety days of final administrative action.  *Price*, 374 F. Supp. 2d at 184; *accord* 42 U.S.C. § 2000e-16(c) (federal employees must file a civil action within ninety days after "receipt of notice of final action."); *see also* 29 C.F.R. § 1614.407(a) (civil action must be filed within "90 days of receipt of the final action on an individual or class complaint if no appeal has been filed").  Courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day.  *See, e.g., Smith v. Dalton*, 971 F. Supp. 1, 2-3 (D.D.C. 1997) (suit filed ninety-one days after final agency action is barred).

---

[2] It could be argued the claim was exhausted because the EPA still had the opportunity to handle Mr. Wiley's Administrative Claim internally — after the EEOC's dismissal, the case was returned to the agency for further processing pursuant to 29 C.F.R. § 1614.109 — or because the dismissal was later deemed to be the final agency action under the terms of § 1614.109.  The parties did not brief the issue of exhaustion.  Their briefs focused on whether Mr. Wiley was required to file within the ninety-day filing limit and whether there was an actionable adverse employment action under Title VII.

However, the ninety-day time period is nonjurisdictional — it functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling. *Mondy v. Sec. of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988).[3]   Tolling applies only in "extraordinary and carefully circumscribed instances." *Id*.

> [C]ourts may properly allow tolling where "a claimant has received inadequate notice, . . . where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, . . . where the court has led the plaintiff to believe that she had done everything required of her, . . . [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction."

*Id*. (quoting *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)).  "We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  In other words, to apply equitable tolling, the plaintiff must have exercised due diligence and his excuse for the delayed filing must be "more than a garden variety claim of excusable neglect." *Battle v. Rubin*, 121 F. Supp. 2d 4, 8 (D.D.C. 2000).  The burden of pleading and proving any equitable excuse for failure to meet the ninety-day filing limit falls wholly upon the plaintiff. *Saltz v. Lehman*, 672 F.2d 207, 209 (D.C. Cir. 1982).

Mr. Wiley failed to plead or prove that equitable tolling should apply.  Instead, he

---

[3] *Mondy* interpreted the thirty-day time limit for filing under the prior version of Title VII. The Civil Rights Act of 1991 changed the limitations period to ninety days, effective November 21, 1991. *Wilson*, 79 F.3d at 162.

argues, without authority, that the ninety-day filing limit does not apply to his case.  He contends that because the EEOC and the EPA never issued a "final order," the ninety-day filing period never began.  He also asserts, again without authority, that there is no filing limit that applies when a claimant such as himself voluntarily dismisses his administrative claim.

Because he did not meet his burden of pleading and proving equitable tolling, the First Amended Complaint must be dismissed as untimely.  The EEOC issued an order on January 27, 2003, dismissing the Administrative Claim pursuant to Mr. Wiley's notice that he "no longer wishes to proceed with the EEOC."  Harderman Decl. ¶ 6, Att. 4.  The EEOC order stated "the above-captioned case is hereby dismissed and returned to the Agency for further processing pursuant to 29 C.F.R. § 1614.109 (2002)."  *Id*.  Under section 1614.109, the claim is returned to the Agency and "[i]f an agency does not issue a final order within 40 days of receipt of the administrative judge's decision . . . then the decision of the administrative judge shall become the final action of the agency."  29 C.F.R. § 1614.109(i).  The EPA did not further address the claim.  Thus, forty days after the January 27 dismissal — on March 7, 2003 —  the EEOC dismissal became the "final" agency action.

Under the ninety-day filing provision, 42 U.S.C. § 2000e-16(c), Mr. Wiley was required to file a civil action within ninety days after March 7, 2003, that is, no later than June 7, 2003.  Mr. Wiley did not file this suit until October 16, 2003, more than four months after the ninety-day time period had expired.  Mr. Wiley did not diligently pursue his claim before the EEOC, as he voluntarily dismissed it, and he did not diligently pursue this suit, as he filed it over four months late.  Moreover, he provides no excuse for his tardiness.  The Court will not permit Mr. Wiley to manipulate the filing deadline by claiming he is not bound by it due to his own action in dismissing

-7-

the Administrative Claim.  The First Amended Complaint is barred by the ninety-day filing limit and will be dismissed.

## IV.  CONCLUSION

As explained above, Mr. Wiley failed to exhaust his administrative remedies by voluntarily dismissing his Administrative Claim before the EEOC.  Because exhaustion is a jurisdictional prerequisite in Title VII cases, this case will be dismissed for lack of jurisdiction.  Even if the Court were to treat his claim as exhausted, the claim is barred by Title VII's ninety-day filing limit, and Mr. Wiley did not plead or prove any equitable reason which would justify the late filing. Mr. Wiley has abandoned or conceded all other allegations presented in the First Amended Complaint.  Accordingly, the Court will grant the EPA's motion for summary judgment [Dkt. #28], will dismiss the First Amended Complaint, and will close this case.  A memorializing order accompanies this Memorandum Opinion.

Dated: July 6, 2006                          _____/s/_____
                                             ROSEMARY M. COLLYER
                                             United States District Judge